UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIMMY L. BENNETT | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY, CRUSE AND DICE | § | |
| INSURANCE AGENCY AND JERRY LEE | § | |
| GERRON | § | |
| Defendants | § | |

### STATE COURT PLEADINGS INDEX

| PAGE NO. | DATE FILED IN STATE COURT | PLEADING |
|---|---|---|
| 2-4 | 4/25/16 | Civil Case Information Sheet |
| 5-40 | 4/25/16 | Plaintiff's Original Petition |
| 41 | 5/13/16 | Return of Service on Cruse and Dice Insurance Agency |
| 42 | 5/19/16 | Return of Service on Central Mutual Insurance Company |
| 43-46 | 6/3/16 | Original Answer of Cruse and Dice Insurance Agency |
| 47-53 | 6/10/16 | Original Answer of Central Mutual Insurance Company |
| 54 | | Copy of state court docket sheet |



# CIVIL CASE INFORMATION SHEET

6/25/2016 12:05:84 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 10282131
By: ANDERSON, SARAH A
Filed: 4/25/2016 12:05:28 PM

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* **2016-26309 / Court: 189**   **COURT** *(FOR CLERK USE ONLY):*

**JIMMY L. BENNETT  VS.  CENTRAL MUTUAL INSURANCE COMPANY ET AL.**

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:**     **Email:** <br><br> Bryant A. Fitts    bfitts@fittslawfirm.com <br> Carla R. Delpit    cdelpit@fittslawfirm.com <br><br> **Address:**     **Telephone:** <br><br> 2700 Post Oak Blvd., Suite 1120   713-871-1670 <br><br> **City/State/Zip:**     **Fax:** <br><br> Houston, TX 77056    713-583-1492 <br><br> **Signature:**     **State Bar No:** <br><br> /s/ Bryant A. Fitts    24040904 <br> /s/ Carla R. Delpit    24082183 | **Plaintiff(s)/Petitioner(s):** <br><br> Jimmy L. Bennett <br><br><br> **Defendant(s)/Respondent(s):** <br><br> Central Mutual Insurance Company <br><br> Jerry Lee Gerron and Cruse and Dice Insurance Company <br><br> [Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: _____ <br><br> **Additional Parties in Child Support Case:** <br><br> Custodial Parent: _____ <br><br> Non-Custodial Parent: _____ <br><br> Presumed Father: _____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

<table>
<tr><th colspan="3">Civil</th><th colspan="2">Family Law</th></tr>
<tr><th>Contract</th><th>Injury or Damage</th><th>Real Property</th><th>Marriage Relationship</th><th>Post-Judgment Actions<br>(non-Title IV-D)</th></tr>
<tr>
<td><em>Debt/Contract</em><br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>_____<br><em>Foreclosure</em><br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☒ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____</td>
<td>☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br><em>Malpractice</em><br>  ☐ Accounting<br>  ☐ Legal<br>  ☐ Medical<br>  ☐ Other Professional<br>    Liability:<br>_____<br>☐ Motor Vehicle Accident<br>☐ Premises<br><em>Product Liability</em><br>  ☐ Asbestos/Silica<br>  ☐ Other Product Liability<br>    List Product:<br>_____<br>☐ Other Injury or Damage:<br>_____</td>
<td>☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____<br><br><strong>Related to Criminal Matters</strong><br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: _____</td>
<td>☐ Annulment<br>☐ Declare Marriage Void<br><em>Divorce</em><br>  ☐ With Children<br>  ☐ No Children<br><br><br><strong>Other Family Law</strong><br>☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: _____</td>
<td>☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><strong>Title IV-D</strong><br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br><strong>Parent-Child Relationship</strong><br>☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child:<br>_____</td>
</tr>
<tr><th>Employment</th><th colspan="2">Other Civil</th><th colspan="2"></th></tr>
<tr>
<td>☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____</td>
<td>☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property</td>
<td>☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____</td>
<td colspan="2"></td>
</tr>
<tr><th>Tax</th><th colspan="4">Probate & Mental Health</th></tr>
<tr>
<td>☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax</td>
<td colspan="2"><em>Probate/Wills/Intestate Administration</em><br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings</td>
<td colspan="2">☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____</td>
</tr>
</table>

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

Certified Document Number: 69944043 - Page 2 of 3

003

# Instructions for Completing the Texas Civil Case Information Sheet

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. If the original petition, application or post-judgment petition or motion is e-filed, the case information sheet must not be the lead document.

This sheet, required by Rule 78a of the Texas Rules of Civil Procedure, is intended to collect information that will be used for statistical and administrative purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

The attorney or self-represented (*pro se*) plaintiff/petitioner filing the case or post-judgment petition or motion should complete the sheet as follows:

**1. Contact information**

  a) **Contact information for person completing case information sheet.** Enter the following information:
  - name;
  - address;
  - city, state, and zip code;
  - email address;
  - telephone number;
  - fax number, if available;
  - State Bar number, if the person is an attorney; and
  - signature. (*NOTE: When a case information sheet is submitted electronically, the signature may be a scanned image or "/s/" and the name of the person completing the case information sheet typed in the space where the signature would otherwise appear.*)

  b) **Names of parties in the case.** Enter the name(s) of the:
  (*NOTE: If the name of a party to a case is confidential, enter the party's initials rather than the party's name.*)
  - plaintiff(s) or petitioner(s);
  - defendant(s) or respondent(s); and
  - in child support cases, additional parties in the case, including the:
    - custodial parent;
    - non-custodial parent; and
    - presumed father.

    Attach an additional page as necessary to list all parties.

  c) **Person or entity completing sheet is.** Indicate whether the person completing the sheet, or the entity for which the sheet is being completed, is:
  - an attorney for the plaintiff or petitioner;
  - a *pro se* (self-represented) plaintiff or petitioner;
  - the Title IV-D agency; or
  - other (provide name of person or entity).

**2. Case type.**
  Select the case category that best reflects the most important issue in the case. *You must select only one.*

**3. Procedure or remedy.**
  If applicable, select any of the available procedures or remedies being sought in the case. You may select more than one.

**4. Damages sought.**
  Select the damages being sought in the case:
  (*NOTE: If the claim is governed by the Family Code, do not indicate the damages sought.*)
  - only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees;
  - monetary relief over $100,000 or less and non-monetary relief;
  - monetary relief over $100,000 but nor more than $200,000;
  - monetary relief over $200,000 but less than $1,000,000; or
  - monetary relief over $1,000,000.

4/25/2016 12:05:28 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10282131
By: Sarah Anderson
Filed: 4/25/2016 12:05:28 PM

# 2016-26309 / Court: 189

NO. _____

| | | |
|---|---|---|
| JIMMY L. BENNETT | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY, CRUSE AND DICE | § | |
| INSURANCE AGENCY and JERRY LEE | § | |
| GERRON | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND
## INITIAL WRITTEN DISCOVERY REQUESTS

Pursuant to the Texas Rules of Civil Procedure, Plaintiff, Jimmy L. Bennett, files this Original Petition and Initial Written Discovery Requests, complaining of the acts and omissions of Defendants, Central Mutual Insurance Company, Crues and Dice Insurance Agency, and Jerry Lee Gerron and, in support, respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    This case is intended to be governed by Discovery Level 2.

### II.
### PARTIES & SERVICE

2.    Jimmy L. Bennett ("Plaintiff") resides in HARRIS County, Texas.

3.    Defendant Central Mutual Insurance Company ("CENTRAL MUTUAL") is an insurance company doing business in Texas, and it may be served with process through the Registered Agent, Steven Mansfield, 7301 State Highway 161, Suite 320, Irving TX 75039 -2820.

4.    Defendant, Jerry Lee Gerron ("Gerron"), is an individual who assisted with adjusting the claim at issue and is a resident of the State of Texas. This Defendant may be served with process at 826 W 32nd St, Houston, TX 77018 or wherever he may be found.

PLAINTIFF'S ORIGINAL PETITION AND
INITIAL WRITTEN DISCOVERY REQUESTS

5.      Defendant, Cruse and Dice ("C&D"), is an insurance agency engaged in the business of insurance in Texas, with its principal place of business in the State of Texas. This Defendant may be served with process at through its Registered Agent, Tommy Cruse, 12345 Jones Rd. #290, Houston, Texas 77070.

## III.
## JURISDICTION & VENUE

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.      Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief between $100,000.00 and $200,000.00.

8.      Venue is proper in HARRIS County, Texas because the insured property is situated in HARRIS County, Texas and/or the contract was signed in HARRIS County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002.

## IV.
## FACTS

9.      Plaintiff is named insured under a property insurance policy (the "Policy") issued by CENTRAL MUTUAL. The Policy insures, among other things, against losses from wind and

PLAINTIFF'S ORIGINAL PETITION AND
INITIAL WRITTEN DISCOVERY REQUESTS

hail damage to Plaintiff's property, namely, the real property and improvements located at 6722 Green Stone Ct., Houston, Texas 77084 (the "Property").

10.     On or about April 19, 2015, during the policy period, a storm and hail caused covered damage to the Subject Property.  Specifically, the storm damaged Plaintiff's roof and gutters.

11.     Shortly after the storm, Plaintiff's noticed damage to their home.  They contacted CENTRAL MUTUAL by telephone to notify CENTRAL MUTUAL of the damage.

12.     Plaintiff submitted a claim to CENTRAL MUTUAL against the Policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm.

13.     Plaintiff asked CENTRAL MUTUAL to honor its contractual obligations and cover the cost of repairs to Plaintiff's home.

14.     CENTRAL MUTUAL assigned Defendant Gerron to adjust the Claim.  Defendants CENTRAL MUTUAL and Gerron conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation, no more than thirty minutes.

15.     Despite obvious visible wind and hail damage caused by the storm, Gerron, on his own behalf and on behalf of CENTRAL MUTUAL, misrepresented to the Plaintiff that there was no damage from wind and hail.  A CENTRAL claims representative then misrepresented, again on his own behalf and on behalf of CENTRAL MUTUAL in a letter to Plaintiff's dated May 11, 2015 that Plaintiff's home had sustained minor damage that did not require repair.

PLAINTIFF'S ORIGINAL PETITION AND
INITIAL WRITTEN DISCOVERY REQUESTS

16.     Together, Defendants CENTRAL MUTUAL and Gerron set out to deny properly covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

17.     Defendant CENTRAL MUTUAL failed to perform its contractual obligation to adequately compensate Plaintiff's under the terms of the Policy.  All conditions precedent to recovery upon the Policy have been performed by Plaintiff's.  CENTRAL MUTUAL's conduct constitutes a breach of the insurance contract between CENTRAL MUTUAL and Plaintiff's.

18.     Even though Plaintiff's home sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff's that the Policy did provide coverage for some of the damage, thus falsely claiming Plaintiff's home had not been damaged.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

19.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20.     Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21.     Defendants failed to provide Plaintiff with a reasonable explanation for the denial of their claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

PLAINTIFF'S ORIGINAL PETITION AND
INITIAL WRITTEN DISCOVERY REQUESTS

22.     Defendant CENTRAL MUTUAL failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

23.     Defendant CENTRAL MUTUAL failed to accept Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

24.     Defendant CENTRAL MUTUAL has delayed payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received any payment for their claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

25.     Since the time Plaintiff's claim was presented to Defendant CENTRAL MUTUAL, the liability of CENTRAL MUTUAL to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, CENTRAL MUTUAL has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of CENTRAL MUTUAL's duty of good faith and fair dealing.

26.     Thereafter, Tommy Crus with C&D, misrepresented to Plaintiff that his roof was damaged and required repairs and in the event that those repairs were not completed Plaintiff's policy would be cancelled in August 2015. Mr. Crus made this misrepresentation after CENTRAL MUTUAL and Gerron advised the Plaintiff that there were no necessary repairs to Plaintiff's Property.

27.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiff's.

PLAINTIFF'S ORIGINAL PETITION AND
INITIAL WRITTEN DISCOVERY REQUESTS

28.     To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy.  Plaintiff has suffered damages as a result of the Defendants' actions described above.  The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## V.
## CAUSES OF ACTION

**A.     Breach of Contract (Against CENTRAL MUTUAL)**

29.     Defendant CENTRAL MUTUAL had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract.  CENTRAL MUTUAL breached the terms of that contract by wrongfully denying the claim and Plaintiff was damaged thereby.

30.     Defendant CENTRAL MUTUAL is therefore liable to Plaintiff for breach of contract.

**B.     Prompt Payment of Claims Statute (Against CENTRAL MUTUAL)**

31.     The Claim is a claim under an insurance policy with Defendant CENTRAL MUTUAL, of which Plaintiff gave CENTRAL MUTUAL proper notice, causing CENTRAL MUTUAL to be liable for the Claim.

32.     Defendant CENTRAL MUTUAL violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

  a.  Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms CENTRAL MUTUAL reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;

      b.  Failing to notify Plaintiff in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or

      c.  Delaying payment of the Claim following CENTRAL MUTUAL's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

33.    Defendant CENTRAL MUTUAL is therefore liable to Plaintiff for damages.  In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.    Unfair Settlement Practices/Bad Faith (Against All Defendants)**

34.    Each of the foregoing paragraphs is incorporated by reference in the following.

35.    As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**Defendant CENTRAL MUTUAL**

36.    Defendant CENTRAL MUTUAL engaged in unfair settlement practices by:

      a.  misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue;

      b.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after CENTRAL MUTUAL's liability had become reasonably clear;

      c.  failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

PLAINTIFF'S ORIGINAL PETITION AND
INITIAL WRITTEN DISCOVERY REQUESTS

d.  failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

e.  refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

37.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant CENTRAL MUTUAL and was a producing cause of Plaintiff's damages. CENTRAL MUTUAL is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**Defendant Gerron**

38.     Defendant Gerron was a contractor and/or Gerron assigned by Defendant CENTRAL MUTUAL to assist with adjusting the Claim. Defendant Gerron was charged with investigating the Claim and communicated with Plaintiff about the Policy terms.  Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

39.     Defendant Gerron was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

40.     Defendant Gerron conducted a substandard, results-oriented inspection of the Subject Property.  As such, Gerron failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as required by the Policy and Texas law.

41.     Further, Defendant Gerron misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses.  Additionally, Gerron failed to provide

PLAINTIFF'S ORIGINAL PETITION AND
INITIAL WRITTEN DISCOVERY REQUESTS

Plaintiff with a reasonable explanation as to why CENTRAL MUTUAL was not compensating Plaintiff for the covered losses, or the true value thereof.

42.    Thus, Defendant Gerron engaged in unfair settlement practices by:

    a.   misrepresenting to Plaintiff a material fact or Policy provision relating to the coverage at issue;

    b.   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after CENTRAL MUTUAL's liability had become reasonably clear;

    c.   failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for CENTRAL MUTUAL's denial of a claim or offer of a compromise settlement of a claim; and/or

    d.   failing to conduct a reasonable investigation of Plaintiff's Claim.

43.    Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Gerron and was a producing cause of Plaintiff's damages. Gerron is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**Defendant C&D**

44.    Defendant C&D is an insurance agent. Defendant C&D was charged with communicating with Plaintiff about the Policy terms. Insurance agents are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004).

PLAINTIFF'S ORIGINAL PETITION AND
INITIAL WRITTEN DISCOVERY REQUESTS

45. Defendant C&D misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Gerron failed to provide Plaintiff with a reasonable explanation as to why CENTRAL MUTUAL was not compensating Plaintiff for the covered losses, or the true value thereof.

46. Thus, Defendant Gerron engaged in unfair settlement practices by:

   a. misrepresenting to Plaintiff a material fact or Policy provision relating to the coverage at issue;

   b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after CENTRAL MUTUAL's liability had become reasonably clear;

   c. failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for CENTRAL MUTUAL's denial of a claim or offer of a compromise settlement of a claim; and/or

   d. failing to conduct a reasonable investigation of Plaintiff's Claim.

47. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Gerron and was a producing cause of Plaintiff's damages. Gerron is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages

**D.   DTPA (Against All Defendants)**

48. Each of the foregoing paragraphs is incorporated by reference here fully.

49. At all material times herein, Plaintiff is a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

50. Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

    a. Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    b. Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

    c. Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed;

    d. Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapter 541 of the Insurance Code;

    e. Generally engaging in unconscionable courses of action while handling the claim; and/or

    e. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

51.     As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

52.     Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**E.     Breach of Duty of Good Faith and Fair Dealing (Against CENTRAL MUTUAL Texas Lloyds)**

53.     Defendant CENTRAL MUTUAL breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when CENTRAL MUTUAL knew or should have known liability was reasonably clear. CENTRAL MUTUAL's conduct proximately caused Plaintiff's damages.

54.     Defendant CENTRAL MUTUAL is therefore liable to Plaintiff.

**F.     Attorneys' Fees**

55.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

56.     Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

57.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

58.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

59.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## X.
## JURY TRIAL DEMAND

60.     Plaintiff's demand a jury trial of this cause, and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

61.     Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

62.     All Defendants are also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

63.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice of Plaintiff's intent to use all discovery instruments produced in this case at trial.  Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiff's written discovery requests.

## XIII.
## CONCLUSION & PRAYER

For these reasons, Plaintiff prays that citations be issued and, upon final hearing of the case,

Plaintiff recovers all damages from and against Defendants that may reasonably be established by

a preponderance of the evidence, and Plaintiff be awarded attorneys' fees through trial and appeal,

costs of court, pre-judgment interest, post-judgment interest, and such other and further relief,

general or special, at law or in equity, to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

**Bryant Fitts**
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL PETITION AND
INITIAL WRITTEN DISCOVERY REQUESTS

018

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION TO DEFENDANT
## CENTRAL MUTUAL INSURANCE COMPANY

PLAINTIFF in this case requests that Defendant(s) answer the following Interrogatories and Request for Production separately in writing under oath within 50 days of service and serve your answers to these Interrogatories and Request for Production and produce related documents on Plaintiff by and through her attorneys of record:

FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

The documents must be produced at the office of Fitts Law Firm, PLLC as they are kept in the usual course of business and organized and labeled to correspond with the numbers requests.

You are under a duty to amend your responses if you obtain information on the basis of which:

1) You know the response made was incorrect or incomplete when made; or
2) You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

Bryant Fitts

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla R. Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been attached to the petition.


_____
Bryant Fitts

## DEFINITIONS AND INSTRUCTIONS

1. In answering this discovery, please furnish all information available to you, including information in the possession of your agents, attorneys, investigators for your attorneys, and not merely known of your personal knowledge.

2. If you are unable to answer a particular question or request in full after exercising due diligence to obtain the information to do so, please state this and answer the question or request to the fullest extent possible, specifying and explaining your inability to answer the entire question or request and stating what information or knowledge you have concerning the answered portion.

3. In the event that you withhold information or documents or object to a request on the grounds of a privilege:
   a. Identify the title of the document and it's general subject matter;
   b. State the date of the document;
   c. Identify the persons who participated in its preparation;
   d. Identify the persons for whom it was prepared or to whom it was sent;
   e. State the nature of the privilege claims; and
   f. State in detail each and every fact upon which you base your claims for privilege.

4. "Documents" is to be interpreted broadly and includes any original, reproduction or copy of any kind, typed, recorded, graphic, printed, written or documentary, including without limitation, correspondence, memoranda, calendars, desk files, interoffice communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, inventories, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notice of telephone conversations, sales receipts and notes of any and all communications and every other means of recording any tangible thing, any form of communication of representation, including letters, words, pictures, sounds or symbols, or combinations thereof in your possession, custody, or control. This term is intended to include information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats, such as computer drives, computer servers, and/or any other computer, electronic, or digital means. Such digital or electronic information, data, and items should be produced in their original, unaltered versions; however, this term also expressly seeks any corollary files generated pursuant to any alterations of the original versions and files that otherwise evidence the history, tracking, deletion, and/or other alteration of such information, data, and items (i.e., metadata). Information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats are requested to be produced via CD-ROM, DVD, or similar digital format and to include metadata.

5.  "You," "Your," "Yours," "Defendants," and "Defendant" means and refers to all Defendants in this case, as well all other natural persons, businesses or legal entities acting or purporting to act for or on behalf of the person or entity to whom these requests are directed.

6.  When asked to identify a person or state the identity of a person, or when an interrogatory refers to a person, please state
    a.  His/her full name;
    b.  Present or last known residence address;
    c.  Present or last known business address; and,
    d.  Present residence and/or business telephone number.

7.  If you decide that one question constitutes more that one question and you plan to object on the basis of excessive interrogatories, you are instructed to skip that question and continue to answer the questions that you consider to be single questions.   By answering any numbered question, you are admitting that one number question is in fact one question and waive and objection based upon a limit of interrogatories.

8.  "Plaintiff" and "Plaintiffs" refer to a single Plaintiff or multiple Plaintiffs, if applicable.

## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1**.  State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories.

**Response:**

**Interrogatory No. 2**.  List the date(s) Defendant(s) requested that Plaintiff provide any of the named Defendants in this cause of action with information, which was required in order to properly evaluate Plaintiff's claim(s).

**Response:**

**Interrogatory No. 3**.  Do you contend that Plaintiff did not provide you and/or the adjuster or other third parties with all information you and/or the adjuster requested in order to properly evaluate Plaintiff's claim?  If so, please state what information was requested and not provided, and the dates of the requests.

**Response:**

**Interrogatory No. 4**.  State the basis, in fact and in the terms of the policy, for your denial or partial denial of any portion of Plaintiff's claim for coverage for wind and hail damage to the Subject Property.

**Response:**

**Interrogatory No. 5**.  State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries or made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) making the basis of this lawsuit including the name, address and telephone number of the identified person's supervisor. For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

**Response:**

**Interrogatory No. 6**.  For each adjuster involved with the claim at issue, list any and all courses, seminars, education, training or other experiences such person has attended or received, in the (5) five years preceding the date of loss for the claim at issue in this suit, concerning knowledge of Texas Insurance Code Chapter 541. Formerly Art. 21.21, *et seq.*, and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq*. Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**Response:**

**Interrogatory No. 7**.  State the legal theories, and describe the factual bases for your contention that Defendants or third parties fully complied with each of the claims handling requirements codified in Tex. Ins. § 541.060.

**Response:**

**Interrogatory No. 8**.  Identify every other insurance claim file with Defendant for property damage within a radius of (5) five of the property address at issue in this case, and stemming from the same storm, which claim was denied in part or whole.  State the name, phone number and address of the insured.

**Response:**

**Interrogatory No. 9**. Please explain your policy, practice and procedure of inspecting properties prior to insuring such properties.  Please include in your explanation the reasoning behind conducting such inspections.

**Response:**

**Interrogatory No. 10**.  How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following: a. what performance measures are used b. describe your bonus or incentive plan for adjusters.

**Response:**

**Interrogatory No. 11.**  Please state whether Defendant(s) took, or are aware of the taking of a recorded statement and/or examination under oath of Plaintiff regarding the claim made the basis of this lawsuit.  If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed and where the statement is currently located and/or the last place Defendant(s) saw a transcription of same.

**Response:**

**Interrogatory No. 12**.   Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

**Response:**

**Interrogatory No. 13**.   State whether any person involved in adjusting the claim at issue requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, identify to whom the request was made.

**Response:**

**Interrogatory No. 14**.   State the name, address, and telephone number of the office which each person involved in adjusting the claim at issue worked while handling Plaintiff's claim(s), and the name, address, and telephone number of each person's direct supervisor during that time.

**Response:**

**Interrogatory No. 15**.   If you received complaints from an insurance agent concerning the handling of this claim and/or any hail or windstorm claims made pertaining to the same date of loss as this case, identify such agent by name, address, and telephone number and the nature of the complaint.

**Response:**

**Interrogatory No. 16**.   Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a 5-mile radius of Plaintiff's insured residence.

**Response:**

**Interrogatory No. 17**.   For each investigation by a Texas governmental agency within the last four years into Defendant's(s') practices when handling first party claims for building damage, business personal property damage, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant(s) communicated for purposes of the investigation.

**Response:**

## FIRST SET OF REQUEST FOR PRODUCTION

**Request for Production No. 1.** A certified copy of the insurance policy issued by Defendant to Plaintiff.

**Response:**

**Request for Production No. 2.** The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept, drafts of all documents in the file, and any notes, reports or applications.

**Response:**

**Request for Production No. 3.** The claim files, whether in hard copy or electronic format, from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "filed" files and notes, and drafts of documents contained in the file.

**Response:**

**Request for Production No. 4.** The electronic diary, including the electronic and paper notes made by Defendant's(s') claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff claims.

**Response:**

**Request for Production No. 5.** All procedure or policy manuals or operations guides (including document(s) maintained in electronic form) meant to instruct claims adjusters, claims handlers, or vendors in handling claims for coverage for property damage, water damage, roof and/or wind damage in Texas from the date of the loss at issue in this claim, and one year, and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [Insurance carrier] that hired you with respect to this claim.

**Response:**

**Request for Production No. 6.** All training and educational materials which instruct claims adjusters, claims handlers or vendors in handling claims for property damage coverage under property insurance policies in Texas.

**Response:**

**Request for Production No. 7.** Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).
**Response:**

**Request for Production No. 8.** The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**Response:**

**Request for Production No. 9.** Any engineering or other reports prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**Response:**

**Request for Production No. 10.** If you dispute that the cause of the loss was related solely to a storm during the policy period at issue, produce all reports in your possession regarding damage to any property within a one-mile radius of the Plaintiff's insured property for the date of loss associated with Plaintiff's claim.

**Response:**

**Request for Production No. 11.** If you contend that the damages are caused by anything other than the event at issue in the underlying claim, produce all related claim files, reports, and photos in your possession, including produce any reports concerning wind and hail radius.

**Response:**

**Request for Production No. 12.** Any roofing repair reports prepared concerning the Insured Location.

**Response:**

**Request for Production No. 13.** The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

**Response:**

**Request for Production No. 14.** The emails, instant messages, text messages and internal correspondence pertaining to Plaintiff's underlying claim.

**Response:**

**Request for Production No. 15.** The videotapes, photographs and records of Plaintiff or Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

**Response:**

**Request for Production No. 16.** Defendant's(s') internal newsletter, bulletins, publications and memoranda relating to policies and procedures for handling Texas windstorm and hail claims that were issues from one year prior to the date of loss at issue to one year after the date, including , but not limited to, memoranda issued to claims adjusters.

**Response:**

**Request for Production No. 17.** The price guidelines that pertain to the handling of claims arising out of windstorm and hail storms. In the event you utilize published guidelines or "off the shelf" software as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

**Response:**

**Request for Production No. 18.** The Plaintiff's file from the office of their insurance agent.

**Response:**

**Request for Production No. 19.** The information regarding weather condition on which you relied in making decisions on the Plaintiff's claims.

**Response:**

**Request of Production No. 20.** The documents, manuals and training materials, including audio and/or video tapes used in training, overseeing or supervising your personnel employed in adjusting property claims in Texas and in effect from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 21.** The "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses and third party payments.

**Response:**

**Request for Production No. 22.** The billing statements, including billing detail, of the independent adjusters and engineers retained to evaluate the subject property.

**Response:**

**Request for Production No. 23.** The documents reflecting reserves applied to the subject claim.

**Response:**

**Request for Production No. 24.** For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions, performance evaluations, performance investigations associated with claims handling and performance under a bonus or incentive plan.

**Response:**

**Request for Production No. 25.** The managerial bonus or incentive place for claims managers responsible for windstorm and hail claims in effect for the time period one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 26.** The bonus or incentive plan for adjusters responsible for windstorm and hail claims in effect for the time period one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 27.** The documents reflecting your criteria and procedures for the selection and retention of independent adjusters and engineers handling windstorm and hail claims in Texas from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 28.** If a third party evaluated the subject property, provide the documents that show the number of other matters in which the same such person(s) were retained by you to evaluate other properties over the past five years.

**Response:**

**Request for Production No. 29.** The Complaint Log required to be kept by you for windstorm and hail complaints in Texas filed over the past three years.

**Response:**

**Request for Production No. 30.** Your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 31.** The contract between the Defendant insurer and the Defendant third party adjusting company.

**Response:**

**Request for Production No. 32.** The correspondence between the Defendant insurer and the third party adjusters/adjusting firms, engineers and other estimators who work on the claim that pertain to the Claim at issue.

**Response:**

**Request for Production No. 33.** Produce the claim file for all property damage claims made by persons for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a 5 mile radius of Plaintiff's insured residence.

**Response:**

**Request for Production No. 34.** Any and all organizational charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

**Response:**

**Request for Production No. 35.** Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s).

**Response:**

**Request for Production No. 36.** Any and all training manuals used by third party vendors, independent adjusting firms, and/or claims management entities to train their adjusters on handling property damage claims for Defendants. This request is limited to the (5) five years preceding the date of loss for the claim at issue in this suit.

**Request for Production No. 37.** Any and all documents reflecting inspections completed by or on behalf of Defendant prior to binding the insurance policy at issue in this lawsuit.

**Response:**

**Request for Production No. 38.** Any investigative report not included in the claim file.

**Response:**

**Request for Production No. 39.** If you contend that Plaintiff has filed prior claims that are related to the claim at issue in this suit, provide the claim files associated with those prior claims.

**Response:**

**Request for Production No. 40.** If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION TO DEFENDANTS
## CRUSE AND DICE INSURANCE AGENCY AND JERRY LEE GERRON

PLAINTIFF in this case requests that Defendant(s) answer the following Interrogatories and Request for Production separately in writing under oath within 50 days of service and serve your answers to these Interrogatories and Request for Production and produce related documents on Plaintiff by and through her attorneys of record:

FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile  713.583.1492

The documents must be produced at the office of Fitts Law Firm, PLLC as they are kept in the usual course of business and organized and labeled to correspond with the numbers requests.

You are under a duty to amend your responses if you obtain information on the basis of which:

1) You know the response made was incorrect or incomplete when made; or
2) You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

_Bryant Fitts_

_____
Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla R. Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile  713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been attached to the petition.

Bryant Fitts

_____

Bryant Fitts

## DEFINITIONS AND INSTRUCTIONS

1. In answering this discovery, please furnish all information available to you, including information in the possession of your agents, attorneys, investigators for your attorneys, and not merely known of your personal knowledge.

2. If you are unable to answer a particular question or request in full after exercising due diligence to obtain the information to do so, please state this and answer the question or request to the fullest extent possible, specifying and explaining your inability to answer the entire question or request and stating what information or knowledge you have concerning the answered portion.

3. In the event that you withhold information or documents or object to a request on the grounds of a privilege:
   a. Identify the title of the document and it's general subject matter;
   b. State the date of the document;
   c. Identify the persons who participated in its preparation;
   d. Identify the persons for whom it was prepared or to whom it was sent;
   e. State the nature of the privilege claims; and
   f. State in detail each and every fact upon which you base your claims for privilege.

4. "Documents" is to be interpreted broadly and includes any original, reproduction or copy of any kind, typed, recorded, graphic, printed, written or documentary, including without limitation, correspondence, memoranda, calendars, desk files, interoffice communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, inventories, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notice of telephone conversations, sales receipts and notes of any and all communications and every other means of recording any tangible thing, any form of communication of representation, including letters, words, pictures, sounds or symbols, or combinations thereof in your possession, custody, or control. This term is intended to include information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats, such as computer drives, computer servers, and/or any other computer, electronic, or digital means. Such digital or electronic information, data, and items should be produced in their original, unaltered versions; however, this term also expressly seeks any corollary files generated pursuant to any alterations of the original versions and files that otherwise evidence the history, tracking, deletion, and/or other alteration of such information, data, and items (i.e., metadata). Information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats are requested to be produced via CD-ROM, DVD, or similar digital format and to include metadata.

5.  "You," "Your," "Yours," "Defendants," and "Defendant" means and refers to all Defendants in this case, as well all other natural persons, businesses or legal entities acting or purporting to act for or on behalf of the person or entity to whom these requests are directed.

6.  When asked to identify a person or state the identity of a person, or when an interrogatory refers to a person, please state
    a.  His/her full name;
    b.  Present or last known residence address;
    c.  Present or last known business address; and,
    d.  Present residence and/or business telephone number.

7.  If you decide that one question constitutes more than one question and you plan to object on the basis of excessive interrogatories, you are instructed to skip that question and continue to answer the questions that you consider to be single questions.  By answering any numbered question, you are admitting that one number question is in fact one question and waive and objection based upon a limit of interrogatories.

8.  "Plaintiff" and "Plaintiffs" refer to a single Plaintiff or multiple Plaintiffs, if applicable.

## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1**. State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories.

**Response:**

**Interrogatory No. 2**. List the date(s) Defendant(s) requested that Plaintiff provide any of the named Defendants in this cause of action with information, which was required in order to properly evaluate Plaintiff's claim(s).

**Response:**

**Interrogatory No. 3**. State the basis, in fact and in the terms of the policy, for Defendant's denial or partial denial, of any portion of Plaintiff's claim for coverage for wind and hail damage to the Subject Property.

**Response:**

**Interrogatory No. 4**. State the basis, in fact and in the terms of the policy, for Defendant's failure to pay Plaintiff's full claim of damages or any portion of Plaintiff's claimed damages for coverage for wind and hail damage to the Subject Property, as well as state whether Defendant recommended payment on Plaintiff's claim(s), and if so, in what amount(s).

**Interrogatory No. 5**. State the name, address, telephone number and job title or position of all persons and/or entities Defendant retained or solicited an opinion from in the investigation of Plaintiff's claims(s).

**Response:**

**Interrogatory No.6**. Provide Defendant's employment history, including job titles, in the field of insurance and/or home construction, including the date on which Defendant became licensed as an adjuster in the State of Texas and any other states in which you hold licenses.

**Response:**

**Interrogatory No. 7**. List any and all courses, seminars, education, training or other experiences you have attended or received, in the (5) five years preceding the date of loss for the claim at issue in this suit, concerning knowledge of Texas Insurance Code Chapter 541. formerly Art. 21.21, *et seq.*, and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq*. Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**Response:**

**Interrogatory No. 8**. State the legal theories, and describe the factual bases for your contention that you fully complied with each of the claims handling requirements codified in Tex. Ins. § 541.060.

**Response:**

**Interrogatory No. 9**. Identify every other insurance claim adjusted or investigated by you, stemming from the same storm at issue in this case and made for hail and/or wind property damage with Defendant Insurance carrier in the same city/town as the house at issue in this case, and which claim was denied in part or whole. State the name, phone number and address of the insured.

**Response:**

**Interrogatory No. 10**. State the cause number, style, and court for each lawsuit filed against you in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060, formerly known as Article 21.21, or violations of Texas Insurance Code §542.055 et seq. formerly known as Article 21.55, in the handling of first party claims for property damage coverage under homeowner insurance policies.

**Response:**

**Interrogatory No. 11**. List any and all courses, seminars, education, training or reference materials you attended or received specific to handling and investigation of wind and/or hail related policy claims and/or wind and/or hail related property damages, and the name of the entity from which it was acquired. This request is limited to the (5) five years preceding the date of loss for the claim at issue in this suit.

**Response:**

**Interrogatory No. 12**. State the name, address, and telephone number of each policyholder who gave you or any other Defendant written notice, within the last five years, of a complaint about your handling of first party claims for property damage coverage under homeowner insurance policies in Texas, including complaints made to the Texas Department of Insurance.

**Response:**

**Interrogatory No. 13**. State whether you requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, identify to whom the request was made, such as to a supervisor, engineer, roofer or any other person(s), including the name, address and telephone number of each individual or entity.

**Response:**

**Interrogatory No. 14**. State the name, address, and telephone number of the office which the Defendant worked while handling Plaintiff's claim(s), and the name, address, and telephone number of each person's direct supervisor while handling Plaintiff's claim(s).

036

**Response:**

**Interrogatory No. 15.** If in the (5) five years preceding that date of loss at issue in this case, Defendant was disciplined or received a negative performance evaluation during his/her course of employment, describe the cause and/or nature of such discipline or evaluation, the date that it occurred.

**Response:**

**Interrogatory No. 16:** If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the loss at issue in this case. Identify the person(s) involved in each step.

**Response:**

**Interrogatory No. 17:** From the date the claim at issue in this case was opened to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for windstorm insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; Inspection Notes, diagrams, reserves sheet; electronic claims diary; a claims review report; pricing report)?

**Response:**

**Interrogatory No. 18:** Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

**Response:**

## FIRST SET OF REQUEST FOR PRODUCTION

**Request for Production No. 1.** The claim files, whether in paper or electronic format, from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "filed" files and notes, and drafts of documents contained in the file.

**Response:**

**Request for Production No. 2.** The electronic diary, including the electronic and paper notes made by you relating to the Plaintiff's claim(s).

**Response:**

**Request for Production No. 3.** Any investigative report not included in the claims file, including the field notes, hand written notes, measurements and file maintained by you relating to and/or relied upon in the adjustment the Plaintiff's claim(s).

**Response:**

**Request for Production No. 4.** The emails, instant messages, text messages and internal correspondence pertaining to Plaintiff's claim.

**Response:**

**Request for Production No. 5.** Any and all materials received from any and all courses, seminars, education, training or other experiences you have attended, in the (5) five years preceding the date of loss for the claim at issue in this suit, concerning knowledge of Texas Insurance Code Chapter 541. formerly Art. 21.21, *et seq.*, and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq.*

**Response:**

**Request for Production No. 6.** Any and all records of Continuing Education courses that you have attended in person and/or participated in online, during the (5) five years preceding the date of loss for the claim at issue in this suit.

**Response:**

**Request for Production No. 7.** Any and all materials that you have received which include policies and/or procedures which relate to the handling of wind and/or hail claims in Texas in effect from the date of loss at issue in this case, and back one and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [Insurance carrier] that hired you with respect to this claim.

**Response:**

**Request for Production No. 8.** All materials meant to instruct and guide you under Texas law and/or company policy with regard to unfair claim settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, or avoiding charges of bad faith. This request is limited to the (5) five years preceding the date of loss for the claim at issue in this suit.

**Request for Production No. 9.** Any and all records of communications, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim.

**Response:**

**Request for Production No. 10.** Any and all written records of communications, including electronic, between Defendant and any third party regarding Plaintiff's claim.

**Response:**

**Request for Production No. 11.** Any and all written records of communications, including electronic, between Defendant and any other Defendant regarding Plaintiff's claim.

**Response:**

**Request for Production No. 12.** All documents related to your job evaluations, disciplinary actions, achievements, awards, and performance under a bonus or incentive plan.

**Response:**

**Request for Production No. 13.** All photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property made the basis of this case.

**Response:**

**Request for Production No. 14.** All preferred vendor lists referred to or utilized by you to hire any third party or other Defendant to assist with the investigation of Plaintiff's claim.

**Response:**

**Request for Production No. 15.** The videotapes, photographs and records of Plaintiff or Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

**Response:**

**Request for Production No. 16.** Defendant Insurance carrier's internal newsletter, bulletins, publications and memoranda relating to policies and procedures for handling Texas wind and hail claims that were issued from one year prior to the date of loss at issue to one year after the date.

**Response:**

**Request for Production No. 17.** The file maintained by you at your home, office, or in your vehicle relating to Plaintiff's claim(s).

039

**Response:**

**Request for Production No. 18.**  The information regarding weather condition on which you relied in making decisions on the Plaintiff's claims.

**Response:**

**Request for Production No. 19.**  Any and all advanced or specialized certifications held by you pertaining to claims handling, construction, and/or pertaining to the Property made the basis of this suit.

**Request for Production No. 20.**  If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

5/13/2016 1:19:04 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10623544
By: ARIONNE MCNEAL
Filed: 5/13/2016 1:19:04 PM

CAUSE NO. 201626309

RECEIPT NO.     0.00    ATY
     **********     TR # 73243220

PLAINTIFF: BENNETT, JIMMY L          In The 189th
       vs.                      Judicial District Court
DEFENDANT: CENTRAL MUTUAL INSURANCE COMPANY    of Harris County, Texas
                                   189TH DISTRICT COURT
                                   Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: CRUSE AND DICE INSURANCE AGENCY (AN INSURANCE AGENCY) MAY BE SERVED
    WITH PROCESS THROUGH ITS REGISTERED AGENT TOMMY CRUSE
    12345 JONES RD #290  HOUSTON TX 77070

     Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS
FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION

This instrument was filed on the 25th day of April, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 4th day of May, 2016, under my hand and
seal of said Court.

Issued at request of:
PITTS, BRYANT ALLEN                    CHRIS DANIEL, District Clerk
2700 POST OAK BLVD. SUITE 1120        Harris County, Texas
HOUSTON, TX 77056                   201 Caroline    Houston, Texas 77002
Tel: (713) 871-1670               (P.O. Box 4651, Houston, Texas 77210)
Bar No.: 24040904

                 GENERATED BY: EVANS, BONISHA EBONY    C1V//10366623

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 4:00 o'clock P .M., on the 10th day of May , 2016.

Executed at (address) 12345 Jones Rd #290, Houston, TX 77070 in

Harris County at 12:40 o'clock P .M., on the 12th day of May ,

2016 , by delivering to Cruse And Dice Insurance Agency ×× defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the
Plaintiffs Original Petition And Initial Written Discovery Requests First Set Of Petition
attached thereto and I endorsed on said copy of the citation the date of delivery.
To certify which I affix my hand officially this 12th day of May , 2016.
× Interrogatories And Request For Production ×

Fee: $ _____                  Alice Crippen/Process Server 0421 EXP 2/28/19

** By Delivery To Cathy Dice (owner) **

                                        of Harris County, Texas

Alice Crippen
Affiant                      By _____
                                          Deputy

On this day, Alice Crippen , known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 12th day of May , 2016.

TANEISHA D HENRY
Notary Public State of Texas
My Commission # 128688976
My Comm. Exp. April 23, 2020

                                     Notary Public

Certified Document Number: 70236227 - Page 1 of 1

5/19/2016 3:10:27 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10725997
By: ARIONNE MCNEAL
Filed: 5/19/2016 3:10:27 PM

CAUSE NO. 201626309

RECEIPT NO.          0.00    ATY
          **********     TR # 73243217

PLAINTIFF: BENNETT, JIMMY L          In The 189th
      vs.                  Judicial District Court
DEFENDANT: CENTRAL MUTUAL INSURANCE COMPANY    of Harris County, Texas
                                       189TH DISTRICT COURT
                                       Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: CENTRAL MUTUAL INSURANCE COMPANY (AN INSURANCE COMPANY) MAY BE SERVED
    WITH PROCESS THROUGH THE REGISTERED AGENT STEVEN MANSFIELD
    7301 STATE HIGHWAY 161 SUITE 320   IRVING TX 750392820

      Attached is a copy of **PLAINTIFF'S ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS**
**FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION**

This instrument was filed on the 25th day of April, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 4th day of May, 2016, under my hand and
seal of said Court.

Issued at request of:              CHRIS DANIEL, District Clerk
FITTS, BRYANT ALLEN             Harris County, Texas
2700 POST OAK BLVD. SUITE 1120     201 Caroline    Houston, Texas 77002
HOUSTON, TX 77056               (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 871-1670
Bar No.: 24040904

GENERATED BY: EVANS, BONISHA EBONY   C1V//10366623

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 1:26 o'clock P .M., on the 6th day of May , 2016.

Executed at (address) 7301 State Hwy 161 S., Suite 320, Irving, TX 75039    in

Dallas        county at 11:05 o'clock A .M., on the 18th day of May ,
2016, by delivering to Central Mutual Insurance Company by delivering to
Steven Mansfield, Registered Agent       defendant, in person, a
true copy of this Citation together with the accompanying 1 copy(ies) of the
Plaintiff's Original Petition and Initial Written Discovery Requests, First Set of Interrogatories and Request for Production    Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 18th day of May , 2016.

Fee: $_____

                             _____ of _____ County, Texas

                     By _____

Affiant   SCH1117   Exp. 8/31/17            Deputy

On this day, Gary Sherman , known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 18 day of May , 16 .

                                  Notary Public

KATHLEEN M. MILLER
Notary Public, State of Texas
My Commission Expires
August 25, 2019

Certified Document Number: 70324681 - Page 1 of 1

6/3/2016 3:10:59 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10969052
By: Brianna Denmon
Filed: 6/3/2016 3:10:59 PM

CAUSE NO. 2016-26309

| | | |
|---|---|---|
| JIMMY L. BENNETT, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| CENTRAL MUTUAL INSURANCE | § | 189TH JUDICIAL DISTRICT |
| COMPANY, CRUSE AND DICE | § | |
| INSURANCE AGENCY and JERRY | § | |
| LEE GERRON, | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

### DEFENDANT CRUSE AND DICE INSURANCE AGENCY'S
### ORIGINAL ANSWER AND COUNTERCLAIM

COMES NOW, Defendant Cruse and Dice Insurance Agency ("Defendant") and files this *Original Answer and Counterclaim* and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Defendant generally denies the allegations contained in *Plaintiff's Petition* and since they are allegations of fact, Plaintiff should be required to prove them by a preponderance of the evidence in accordance with the laws of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing, Defendant asserts the following Affirmative Defenses should same be necessary:

1.        In the alternative, and without waiver of any other defense, Defendant pleads that this action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practices and Remedies Code and/or the contribution provisions of Chapter 32 of the Texas Civil Practices and Remedies Code. Defendant would show that the incidents and damages complained of by Plaintiff were caused in whole or in part by the negligence, carelessness and/or intentional acts and omissions of third parties and/or defendants over whom Defendant had no control, and that said

2468745.V1
93572.004

Certified Document Number: 70536175 - Page 1 of 4

043

negligence, carelessness and/or intentional acts and omissions were the sole cause, or alternatively, a proximate cause, or alternatively a superseding and/or intervening cause of the occurrences in question and/or the damages complained of by Plaintiff. Therefore, Defendant requests that the Court reduce any judgment, if any judgment is assessed against Defendant, by the degree of such negligence, carelessness and/or intentional acts and omissions of third parties;

2.       In the alternative, and without waiver of any other defense, Plaintiff's claims are barred in whole or in part by the doctrine of contributory negligence;

3.       In the alternative, and without waiver of any other defense, Plaintiff's Deceptive Trade Practices Act claims are barred by section 17.49(c) of the Texas Business & Commerce Code, which states that nothing in the DTPA "shall apply to a claim for damages based on the rendering of a professional service, the essence of which is the providing of advice, judgment, opinion, or similar professional skill;"

4.       In the alternative, and without waiver of any other defense, Plaintiff's damages, if any, are unrelated to any act or omission of the Defendant, and the Defendant's actions were not a proximate or producing cause of any alleged damages suffered by Plaintiff;

5.       In the alternative, and without waiver of any other defense, Defendant is entitled to credit and offset of its liability for Plaintiff's damages by any and all amounts Plaintiff recover from any other person and/or entity; and,

6.       In the alternative, and without waiver of any other defense, Plaintiff is prohibited from benefiting from a double recovery.

### III.
#### COUNTERCLAIM / REQUEST FOR ATTORNEYS' FEES

Pursuant to TEX. BUS. & COM. CODE § 17.50(c), Defendant requests this Court award it reasonable attorneys' fees and costs related to Defendant's defense of Plaintiff's Deceptive Trade

DEFENDANT CRUSE AND DICE INSURANCE AGENCY'S ORIGINAL ANSWER AND COUNTERCLAIM -- Page 2

2468745.V1
93572.004

Certified Document Number: 70536175 - Page 2 of 4

Practices Act related claims because such claims are groundless.  Most, if not all, of the claims alleged by Plaintiff against Defendant, an insurance agency, are not supported by Texas law.  For example, a plaintiff cannot sue a professional, such as an insurance agent, under the DTPA based on the professional's advice, judgment, opinion, or similar professional skill.[1]

## IV.
### PRAYER

WHEREFORE, Defendant Cruse and Dice Insurance Agency prays that upon trial and hearing hereof, Plaintiff recover nothing from it, and that Defendant recover all costs of court and such other and further relief at law or in equity to which it may be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   /s/ Thomas A. Culpepper
    Thomas A. Culpepper
    State Bar No. 05215650
    tculpepper@thompsoncoe.com
    Michael S. Cedillo
    State Bar No. 24072029
    mcedillo@thompsoncoe.com

Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209

**COUNSEL FOR DEFENDANT**
**CRUSE AND DICE INSURANCE AGENCY**

---

[1] TEX. BUS. & COM. CODE § 17.49(c).

DEFENDANT CRUSE AND DICE INSURANCE AGENCY'S ORIGINAL ANSWER AND COUNTERCLAIM -- Page 3

2468745.V1
93572.004

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2016, a true and correct copy of the foregoing document was served on the following:

Bryant Fitts
Fitts Law Firm, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
bfitts@fittslawfirm.com


_____ /s/ Michael S. Cedillo _____
Michael S. Cedillo

DEFENDANT CRUSE AND DICE INSURANCE AGENCY'S ORIGINAL ANSWER AND COUNTERCLAIM -- Page 4

2468745.V1
93572.004

6/10/2016 11:10:29 AM
Chris Daniel - District Clerk Harris County
Envelope No. 11082066
By: ARIONNE MCNEAL
Filed: 6/10/2016 11:10:29 AM

CAUSE NO. 2016-26309

| | | |
|---|---|---|
| JIMMY L. BENNETT | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | 189TH JUDICIAL DISTRICT COURT |
| | § | |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY, CRUSE AND DICE | § | |
| INSURANCE AGENCY AND JERRY LEE | § | |
| GERRON | § | |
| Defendants | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant, Central Mutual Insurance Company ("Central"), hereby files its Original Answer to Plaintiff's lawsuit, and would show the Court as follows:

1.

The insurance contract contains the following provision applicable to the property coverage provided by the policy:

**Appraisal**

If you and we disagree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

**1.** Pay its own appraiser; and

2.      Bear the other expenses of the appraisal and umpire equally.

Central would plead this provision of the policy as a defense to Plaintiff's claims asserted in this lawsuit, to the extent applicable.

2.

In addition, the insurance contract provides in pertinent part:

**H.   SUIT AGAINST US**

1.      Except as provided in paragraph **2.,** no suit or action can be brought against us unless there has been full compliance with all of the terms under Section I of this Policy.  Action must be brought against us within two years and one day from the date the cause of action first accrues.  A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

2.      With respect to suits brought in connection with claims for loss caused by windstorm or hail in the catastrophe area, as defined by the Texas Insurance Code:

No action can be brought against us unless there has been compliance with all of the terms of this Policy.  The action must be brought before the earlier of the following:

a.      Two years and one day from the date we accept or reject the claim; or

b.      Three years and one day from the date of the loss that is the subject of this claim.

No one may bring a legal action against us under this Coverage Part unless:

a.      There has been full compliance with all of the terms of this Coverage Part;...

Central would plead this provision of the policy as a defense to Plaintiff's claims asserted in this lawsuit, to the extent applicable.

3.

Central would show that the appraisal condition of the insurance contract is a condition precedent that must be complied with before any suit can filed on the insurance contract. Central would show this condition has to be complied with, so that Plaintiff's lawsuit should be dismissed without prejudice, so that appraisal can be completed, or alternatively, that Plaintiff be ordered to submit to the appraisal required by Plaintiff's insurance contract.

4.

Central would show that because of the issues raised by the policy provisions pled above, and the legitimate disagreement which exists over the amount of the losses claimed by Plaintiff, liability has not become reasonably clear. Under Texas law, this would preclude any claim for extra-contractual damages such as are being asserted by Plaintiff in this action. Central would plead the bona-fide controversy that exists in this matter, and the reasonableness of the actions taken regarding the claim as defenses, to the extent applicable.

5.

Central would also plead any applicable limits of coverage and/or any applicable deductible(s), such as the $2,310 deductible contained in the insurance contract involved in this lawsuit as defenses to Plaintiff's claims in this lawsuit, to the extent applicable.

6.

Central would plead the dollar limitation of damages provided under the Texas Business & Commerce Code, including Section 17.50 of the Texas Business & Commerce Code, and the dollar limitation on damages under Chapter 541.152 of the Texas Insurance Code, as defenses to Plaintiff's claims, to the extent applicable.

7.

Central would plead as a defense to Plaintiff's claims in this lawsuit, to the extent applicable, that its conduct has not been the producing or proximate cause of any damages being claimed by Plaintiff in this lawsuit.

8.

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Central generally denies each and every, all and singular, of the allegations contained in Plaintiff's Original Petition, and, since they are allegations of fact, that Plaintiff should be required to prove the allegations asserted against Central by a preponderance of the evidence, all in accordance with the laws of the State of Texas.

9.

Central hereby requests a jury trial, and along with the filing of this answer, has tendered the appropriate jury fee to the Court.

WHEREFORE, Defendant, Central Mutual Insurance Company, prays: (1) that Plaintiff's lawsuit be dismissed without prejudice so that the condition precedent of appraisal required by Plaintiff's insurance contract can be conducted; or alternatively, that Plaintiff be ordered to submit his  insurance claim involved in this lawsuit to appraisal as required by the insurance contract; (2) that if the lawsuit is not dismissed, but Plaintiff is instead ordered to appraisal, that after appraisal has been completed, and upon a final trial by jury of all issues as may be necessary, that Plaintiff's claims be denied in their entirety and Plaintiff's lawsuit be dismissed with prejudice, with Central recovering all costs of court incurred by it in this matter; and (3) for any and all other relief to which Central may be entitled, at law or at equity.

Respectfully submitted,


/S/ Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEY FOR DEFENDANT

<u>VERIFICATION</u>

STATE OF TEXAS

COUNTY OF DALLAS

Before me, the undersigned notary public, personally came and appeared Lina Richardson, who being sworn by me, did state the following:

My name is Lina Richardson.  I have read of all the foregoing allegations in the Original Answer of Defendant Central Mutual Insurance Company to which this verification is attached. Based on my personal knowledge, the allegations in said answer are true and correct.  I am authorized to sign this verification on behalf of Defendant, Central Mutual Insurance Company.

Lina Richardson

Signed this the ____ day of _____, 2016.

Notary Public in and for the
State of Texas

My commission expires:

_____

Printed Name of Notary

PAMELA LYNN SMITH
Notary Public, State of Texas
My Commission Expires
November 29, 2016

DEFENDANT'S ORIGINAL ANSWER - Page 6

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on June 10, 2016, I served a copy of the foregoing document on all counsel of record, as indicated below:

Mr. Bryant Fitts                            VIA E-MAIL: bfitts@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056


                                            /S/ Russell J. Bowman
                                            Russell J. Bowman

Harris County Docket Sheet

# 2016-26309

**COURT:** 189th
**FILED DATE:** 4/25/2016
**CASE TYPE:** OTHER CIVIL



---

### BENNETT, JIMMY L

Attorney: DELPIT, CARLA RUTH

### vs.

### CENTRAL MUTUAL INSURANCE COMPANY

Attorney: BOWMAN, RUSSELL J.

---

| Docket Sheet Entries | |
| --- | --- |
| **Date** | **Comment** |