UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIMMY L. BENNETT | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-01737 |
| | § | |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY, CRUSE AND DICE | § | |
| INSURANCE AGENCY AND JERRY LEE | § | |
| GERRON | § | |
|     Defendants | § | |

## DEFENDANT JERRY LEE GERRON'S MOTION TO DISMISS

Defendant Jerry Lee Gerron ("Gerron") files this Motion to Dismiss pursuant to Federal Rule

of Civil Procedure 12(b)(6), and in support hereof Gerron respectfully states as follows:

## INTRODUCTION

This claim involves alleged hail damage to the Plaintiff's house located at 6722 Green Stone

Court, Houston, Texas 77084-6240.  At the time of the alleged loss, Plaintiff's home was insured

by Defendant Central Mutual Insurance Company ("Central").  Central had independent adjuster

Gerron inspect the loss.  Mr. Gerron found only minimal hail damage that was below the deductible

amount of the Central policy.

Gerron should be dismissed from this lawsuit under Rule 12(b)(6) because the allegations

against Gerron, when analyzed under federal pleading standards as required by *International Energy*

*Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016), fail

to state a claim which would allow Plaintiff to recover against Gerron.   Central will thus show

herein that every cause of action alleged in the petition lumps together the allegedly wrongful

conduct of Gerron with that of the other defendants, without distinguishing Gerron' conduct, and

these collective allegations do not articulate a plausible claim against Gerron.  Central will also show that the allegations against Gerron are too conclusory and vague to demonstrate a plausible right to relief; the allegations against Gerron for violations of Chapter 541 of the Texas Insurance Code are not actionable because the alleged misrepresentations relate only to Gerron' investigation and the scope of the damage, and they do not relate to the coverage provided under the terms of the Policy; and an individual adjuster such as Gerron cannot be liable under Tex. Ins.Code Ann. §§ 541.060(a)(1), 541.060(a)(2), 541.060(a)(3), and 541.060(a)(7) as a matter of law.

## RULE 12(b)(6) STANDARDS

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiffs must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

Ultimately, "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).  Recent Supreme Court decisions clarify what a proper "factual fit" requires. A complaint must aver sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The general tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare or formulaic recitals of a cause of action's elements, supported by mere conclusory statements. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d. 209 (1986)).

## SPARSE FACTUAL BASIS FOR PLAINTIFF'S CLAIMS

Plaintiff has brought claims against Gerron for violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA").  Specifically, Plaintiff claims that Gerron has

violated Sections 541.060(a)(1), 541.060(a)(2), 541.060(a)(3), and 541.060(a)(7) of the Insurance

Code.  Plaintiff also claims that Gerron has committed various violations of the Texas DTPA,

although the Plaintiff has only cited a single specific statutory provision of the DTPA which it

alleges Gerron violated.  Plaintiff's Original Petition thus merely sets forth a laundry list of alleged

violations of the DTPA, while failing to state which precise numerical sections of the DTPA that

Gerron violated and how he violated those sections.  Plaintiff's Original Petition thus states as

follows regarding its DTPA claims:

> 50.     Defendants have violated the Texas Deceptive Trade Practices
> Act in at least the following respects:
>
> > a.     Defendants represented the policy confers or involves
> > rights, remedies or obligations which it does not have, or
> > involve, or which are prohibited by law;
> >
> > b.     Defendants represented goods, products, or services
> > had sponsorship, approval, characteristics, uses, benefits, or
> > quantities they did not have;
> >
> > c.     Defendants have failed to disclose information
> > concerning goods or services which was known at the time of
> > the transaction when such failure to disclose such information
> > was intended to introduce Plaintiff into a transaction Plaintiff
> > would not have entered into had the information been
> > disclosed;
> >
> > d.     Defendants, by accepting insurance premiums but
> > refusing without a reasonable basis to pay benefits due and
> > owing, engaged in an unconscionable action or course of
> > action prohibited by DTPA § 17.50(a)(1)(3) in that
> > Defendants took advantage of Plaintiff's lack of knowledge,
> > ability, experience and capacity to a grossly unfair degree,
> > resulting in a gross disparity between the consideration paid
> > in the transaction and the value received, all in violation of
> > Chapter 541 of the Texas Insurance Code;
> >
> > e.     Generally engaging in unconscionable courses of

action while handling the claim; and/or

f.      Violating the provision of the Texas Insurance Code, as further described elsewhere herein.

The factual statements on which Plaintiff bases his Insurance Code and DTPA claims against Gerron are sparse and conclusory at best.  Plaintiff only alleges that Gerron conducted a substandard investigation, spent an inadequate amount of time on the investigation, conducted a results-oriented investigation, and misrepresented to the insured that the home suffered no damage and/or minor damage that did not require repair.  Plaintiff's Original Petition does not otherwise tie any actions or inactions by Gerron to any specific statutory violations of sections of the Insurance Code or DTPA.

## PLAINTIFF NOT PLED FACTS SHOWING RECOVERY AGAINST GERRON

Plaintiff's allegations against Gerron are identical to those which insureds generally make against adjusters in order to keep a federal court from having diversity jurisdiction over an insurance dispute.  As frequently occurs in similar cases, Plaintiff has failed to plead any specific facts which would reveal the factual basis for Plaintiff's conclusory assertions against Gerron.  For example, while Plaintiff claims that Gerron conducted a "substandard, results-oriented inspection" of the property, Plaintiff has failed to articulate any facts explaining how the inspection was "substandard" or "results-oriented."  Similarly, when Plaintiff claims that Gerron "set out to deny properly covered damages," Plaintiff again has failed to set forth any facts to back up this conclusory assertion.  Plaintiff's Original Petition also lumps together the allegedly wrongful conduct of Gerron with that of the other defendants, without distinguishing Gerron's conduct.  Plaintiff's failure to set forth specific facts which show that he might recover against Gerron under the Insurance Code or DTPA requires that Gerron be dismissed from the case under Rule 12(b)(6).

Cases such as *Petree v. Metropolitan Lloyds Ins. Co. of Texas*, 2016 WL 3090592 at *3-5 (N.D.Tex. 2016) show that Gerron must be dismissed from the case. The allegations against the adjuster in *Petree* including the following:

> Defendant's adjusters were inadequately trained and failed to thoroughly investigate the damages. Defendant's estimates resulted in Plaintiffs' claims for damages being denied. This caused a delay in Plaintiffs' ability to repair their property and put them at risk of incurring further problems.
>
> Defendants set about to deny properly covered damages. As a result of Defendants' unreasonable investigation of Plaintiffs' claims, including not providing full coverage for the damages sustained by Plaintiffs and thus denying adequate and sufficient payment to Plaintiffs to repair their property, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their property, which has resulted in additional damages.

*Id.* at *4. The *Petree* court held that "the petition does not allege sufficient facts describing actionable conduct by the adjuster and makes only conclusory allegations." *Id.* The court thus stated as follows:

> These purported factual assertions are conclusory, and they do not provide the court a reasonable basis to predict that the Petrees can recover against Tailored. The Petrees allege that Tailored misrepresented material facts relating to the coverage at issue, but the Petrees fail to identify a single statement or any specific misrepresentation made by Tailored that would support a cause of action under § 541.060(a)(1). The Petrees allege that Tailored violated both §§ 541.060(a)(3) and 541.060(a)(4), but they merely recite the elements of the TEX. INS. CODE and offer no factual support for their assertions.
>
> Further, the Petrees claim that Tailored performed an outcome-oriented investigation in violation of § 541.060(a)(7), but the Petrees fail to specify any factual assertions to support their claim. See *Thomas v. State Farm Lloyds*, No. 3:15-CV-1937-B, 2015 WL 6751130, at *4 (N.D. Tex. Nov. 4, 2015) (Boyle, J.) (concluding that

> the assertion of an outcome-oriented investigation is a mere recital of the elements of the cause of action). The Petrees have only pleaded a theoretical possibility that Tailored could be held liable under these sections. See *Smallwood*, 385 F.3d (5th Cir.  )at 573 n.9 (holding that pleadings must show more than a "mere theoretical possibility of recovery").

*Petree* at *4-5.  Because the insured in *Petree* had not satisfied the federal pleading standards for the causes of action against the adjuster, the adjuster was dismissed from the case and the insured's attempt to have the case remanded to state court was denied.

The same result occurred in *DiNoto v. USAA Cas. Ins. Co.*, 2014 WL 4923975, at *5-6 (S.D.Tex. 2014).  In *DiNoto*, Judge Ellison held that the Plaintiff's claims against the adjuster for violations of the Texas Insurance Code and DTPA "are subject to the heightened requirements of Rule 9(b)." *Id.*, citing *Dalton v. State Farm Lloyd's, Inc.,* 2013 WL 3157532 (S.D.Tex.2013); *Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp.2d 734, 742-43 (S.D.Tex.1998).  Judge Ellison held that "Plaintiff's pleading of his DTPA claims against AIS fails under even the Rule 8 standard, in that he does nothing more than recite statutory definitions and list several DTPA sections."  *Id.* at *5. For example, with regard to the Plaintiff's claim for violation of various provisions in the Texas Insurance Code, Section 541.061, the Plaintiff claimed that the adjuster made misrepresentations in a specific "Explanation of Reimbursement" letter to him. *Id.* at *7.  The insured then listed various provisions of the Insurance Code, Section 541.061, which it contended that the misrepresentations violated, but the insured did not explain exactly which statements in the letter were misrepresentations. *Id.* at *7.  Judge Ellison dismissed the claims against the adjuster because the insured's "bare-bones pleading of TIC section 541.061 claims is insufficient to meet the pleading requires of either [Federal] Rule 8 or Rule 9(a)."  *Id.* at *7; *see also Okenkpu v. Allstate Texas Lloyd's,* 2012 WL 1038678 at *6-7 (S.D.Tex. 2012) (where an insured alleged that an adjuster

"conducted substandard inspections of Plaintiffs' property; . . . [and] spent an insufficient amount of time inspecting it, as evidenced by his report, which failed to include all of the damages noted upon inspection," these allegations were not sufficient to state a claim against the adjuster).

Another relevant case is *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047 at *5 (N.D.Tex. 2015). In *Mainali*, Judge Fitzwater cited the Fifth Circuit's opinion in *Smallwood* in holding that an insured had not stated a claim against an insurance adjuster because the insured had only (a) shown that the adjuster inspected the damage and prepared a report, and then (b) cited various provisions of the insurance code which it contended the adjuster violated. *Id.* at *5. Judge Fitzwater thus dismissed the adjuster from the case, as the insured had only "pleaded a theoretical possibility that [the adjuster] could be held liable under" various sections of the Texas Insurance Code. *Id.* at *5, citing *Smallwood*, 385 F.3d at 573 (holding that pleadings must show more than a "mere theortical possibility of recovery").

All of these cases show that conclusory allegations against an adjuster like those made by the Plaintiff are not sufficient to satisfy the federal pleading requirements. Adjuster Gerron must accordingly be dismissed under Rule 12(b)(6).

## PLAINTIFF'S CLAIMS DI NOT SATISFY RULE 9(b)

While the foregoing section of this Motion shows that Plaintiff's pleading does not satisfy Rule 8(a), Plaintiff's pleadings would also have to satisfy Federal Rule 9(b) in order to state a claim against Gerron. Plaintiff's only claims against Gerron are brought under the Texas Insurance Code and the DTPA. Courts within the Southern District of Texas have held that claims for misrepresentations brought under the Texas Insurance Code or DTPA "are subject to the heightened requirements of Rule 9(b)." *DiNoto v. USAA Cas. Ins. Co.*, 2014 WL 4923975 at *6 (S.D.Tex.

2014) (Judge Ellison), citing *Dalton v. State Farm Lloyd's, Inc.,* 2013 WL 3157532 (S.D.Tex.2013);
*Frith v. Guardian Life Ins. Co. of America,* 9 F.Supp.2d 734, 742-43 (S.D.Tex.1998).

     "Although the language of Rule 9(b) confines its requirements to claims of ... fraud, the
requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the
theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of
America*, 9 F.Supp.2d 734, 742 (S.D.Tex. 1998), citing *Toner v. Allstate Ins. Co.,* 821 F.Supp. 276,
283 (D.Del.1993) (citations omitted); *Frota v. Prudential–Bache Securities, Inc.,* 639 F.Supp. 1186,
1193 (S.D.N.Y.1986) ("Rule 9(b) extends to all averments of fraud ..., whatever may be the theory
of legal duty—statutory, common law, tort contractual, or fiduciary."). "Claims alleging violations
of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement,
fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule
9(b)." *Frith*, supra, citing *Williams v. WMX Technologies, Inc.*, 112 F.3d at 177–78 (5th Cir. 1997)
(dismissing plaintiffs state law claims for fraud and negligent misrepresentation for failure to comply
with Rule 9(b)); *Jay Freeman Co. v. Glens Falls Ins. Co.,* 486 F.Supp. 140, 141 n. 1 (N.D.Tex.1980)
(noting district court's dismissal of plaintiff's DTPA claims without prejudice for failure to comply
with Rule 9(b)); *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107 (S.D.Tex.1994)
(dismissing plaintiffs' actions alleging fraud, violations of the DTPA and the Texas Insurance Code
for failing to satisfy the requirements of Rule 9(b)); *South Austin Pharmacy, LLC v. Pharmacists
Mut. Ins. Co.*, 2015 WL 2445969, at *2 3 (W.D.Tex. 2015) (a plaintiff seeking to assert a complaint
in federal court against an individual insurance agent or adjuster must "satisfy Rules 8, 9, and
12(b)(6) and *Twombly,* to allege specific actionable conduct by the adjuster and to distinguish claims
against the adjuster from generic, conclusory, statute-tracking claims against the insurer.").

The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005).  Plaintiff's Original Petition plainly fails to satisfy Rule 9(b), as Plaintiff has not set forth the specifics of any fraudulent statements or actions by Gerron.  This again requires Gerron to be dismissed from this lawsuit.

## NO LIABILITY AGAISNT GERRON AS A MATTER OF LAW UNDER INSURANCE CODE OR DTPA PROVISIONS ASSERTED BY PLAINTIFF

Plaintiff has sued Gerron for violations of the Tex. Ins.Code §§ 541.060(a) (1), 541.060(a)(2), 541.060(a)(3), and 541.060(a)(7), as well as unspecified DTPA sections.  As an individual adjuster, Gerron cannot be held liable for violations of any of these provisions as a matter of law.

### A.    Tex.Ins.Code Section 541.060(a)(1)

Plaintiff has sued adjuster Gerron for falsely claiming, in violation of Tex.Ins.Code Section 541.060(a)(1), that the Central policy did not provide coverage for the hail/storm damage.  *One Way Investments, Inc. v. Century Surety Company, et al.*, 2014 WL 6991277 (N.D.Tex. 2014) and *Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F.Supp.3d 721, 724(N.D.Tex.2014) show that Gerron cannot be liable under this provision of the Insurance Code.  The *One Way* court held the plaintiff's allegation that the adjuster had misrepresented the damage to the property did not trigger coverage under the policy and was not within the scope of the Texas Insurance Code, because such allegedly improper representations did not relate to the details of the insurance policy coverage at issue. *Id*. at *4 (citing *Messersmith,* 10 F.Supp.3d at 724 (holding adjuster was improperly joined because alleged misrepresentation that "there was no damage to ... roof when in fact there was

damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to coverage at issue as required for liability under § 541.060(a)(1)); see also *Slabaugh v. Allstate Insurance Company*, 2015 WL 4046250 at *4-5 (E.D.Tex. 2015) (same).

The case of *Texas Mutual Insurance Co. v. Ruttiger*, 381 S.W.3d 430, 446 (Tex. 2012) is also instructive with regard to Tex.Ins.Code Section 541.060(a)(1). There, the Texas Supreme Court concluded that a dispute between the insured and the insurer as to whether a "claim was factually within the policy's terms" did not constitute a misrepresentation of the policy itself. 381 S.W.3d at 446. In other words, an insurer does not misrepresent a policy when it disagrees with the insured as to whether the policy covers a claim. Although *Ruttiger* construed a different section of the Texas Insurance Code, the Court in *Thomas v. State Farm Lloyds*, 2015 WL 6751130 at *3 (N.D.Tex. 2015) held that its logic applies to section 541.060(a)(1), so that there was no "reasonable basis for predicting that state law might impose liability" on an adjuster under this section. *Id.*, citing *Campbell*, 509 F.3d at 669.

**B.     Tex.Ins.Code Section 541.060(a)(2)**

Plaintiff has also alleged that Gerron failed to make an attempt to settle his claim in a fair manner in violation of Tex.Ins. Code Section 541.060(a)(2).  Both *One Way* and *Messersmith* noted an adjuster cannot be held liable under § 541.060(a)(2) because an adjuster has no payment or settlement authority. *Id*. "[His] sole role is to assess the damage." *Id*. For the same reasons, claims under § 541.060(a)(7), which pertains to an insurer's refusal to pay under certain circumstances, are also not applicable to individual adjusters. *Id*.

**C**.     **Tex.Ins.Code Section 541.060(a)(3)**

Plaintiff has also alleged that Gerron "failed to provide Plaintiffs with a reasonable explanation for the denial of their claim" in violation of Tex.Ins. Code Section 541.060(a)(3).  This section was addressed by the court in *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047 at *4-6 (N.D.Tex. 2015).  The *Mainali* court followed the reasoning in *One Way* and *Messersmith* and concluded as follows:

> [T]he rationale in *One Way* for concluding that § 541.060(a)(4) is inapplicable to an adjuster similarly applies to § 541.060(a)(3). *One Way* holds 'that an adjuster cannot be held liable under [§ 541.060(a)(4)(A) ] because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder." *One Way,* 2014 WL 6991277, at *5. Similarly, an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim.

*Mainali* at *4.  Gerron thus cannot be liable under Insurance Code Section 541.060(a)(3).

### D.      Tex.Ins.Code Section 541.060(a)(7)

Plaintiff has alleged that Gerron "failed to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a resaonable investigation of the claim," in violation of Tex.Ins. Code Section 541.060(a)(7).  Both *One Way* and *Messersmith* noted an adjuster cannot be held liable under § 541.060(a)(2) because an adjuster has no payment or settlement authority. *Id*. "[His] sole role is to assess the damage."  *One Way* at *4 (citing *Messersmith,* 10 F.Supp.3d at 724 For the same reasons, claims under § 541.060(a)(7), which pertains to an insurer's refusal to pay under certain circumstances, are also not applicable to individual adjusters. *Id*.; see also *Slabaugh v. Allstate Insurance Company*, 2015 WL 4046250 at *4-5 (E.D.Tex., 2015) (individual adjuster cannot be liable under Tex.Ins. Code Section 541.060(a)(7)).  Gerron thus cannot be liable under this Insurance Code section.

E.      **DTPA Violations**

Plaintiff's DTPA claims should fail for the same reasons as his Insurance Codelaims.  Such claims are merely conclusory, and do not contain any specifics concerning those claims.  Rather, the insured simply makes the boilerplate assertions of violations of the DTPA.  This should not be sufficient.  Further, as to Defendant Gerron, as an independent adjuster, he would have no DTPA liability to an insured.  An independent insurance adjuster has no relationship with, and therefore, no duty, to the insured, so that the independent insurance adjuster cannot be liable to the insured for negligence, breach of the duty of good faith and fair dealing, breach of contract, tortious interference or under the Deceptive Trade Practices Act.  *Dear  v. Scottsdale Insurance Company*, 947 S.W.2d 908 (Tex.App.-Dallas 1997, writ denied); *Coffman v. Scott Wetzel Services, Inc.*, 908 S.W.2d 516, 517 (Tex.App.-Fort Worth 1995, no writ).

## GERRON NOT LIABLE FOR ACTIONS INDISTINGUISHABLE FROM INSURER'S ACTIONS

When an adjuster's actions "can be accomplished by [the insurer] through an agent" and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster. *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.,* 2011 WL 240335 at *14 (S.D.Tex. Jan. 20, 2011).  Thus, when an insured alleges that an adjuster inspected the property and submitted an undervalued repair estimate to the insurer, Judge Harmon of the Southern District has ruled that such allegations are not sufficient to state a claim against the insurer individually because the adjuster in those circumstances was only acting as an agent for the insurer.

Such cases from Judge Harmon include *Atascocita Realty Inc. v. W. Heritage Ins. Co.,* 2012 WL 4052914 at *3 (S.D. Tex 2012) (dismissing insured's claims against individual adjusters for

conduct undertaken in their capacity as employees and agents of corporate defendants because "such claims are, in essence, claims against the insurer"); *Keen v. Wausau Business Ins. Co.* 875 F.Supp.2d 682, 686 (S.D.Tex.,2012) (because the insured's claims against the adjuster were identical to his claims against the insurer, the adjuster was improperly joined because in such a case "the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster."); *Van Tassel v. State Farm Lloyds,* 2013 WL 5152324 at *2-3 (S.D.Tex. 2013) (Judge Harmon held that where the insured alleged that the adjuster (1) conducted a substandard investigation, (2) prepared a report to the insurer that did not include all the damages he found, and (3) undervalued the damages he did find, Judge Harmon held that these were all actions which could be accomplished by an insurer through an agent so that the individual adjuster was improperly joined); and *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.,* 2011 WL 240335, *10 (S.D.Tex. Jan. 20, 2011) (Judge Harmon held that where an adjuster was charged with investigating the claim, communicating with the insured about coverage and policy terms, and accurately evaluating the damage, these allegations did not state a cause of action against the adjuster because "these duties are also the duties an insurance carrier owes its insured in all first-property cases and therefore are indistinguishable from [the insurer's] allegedly wrongful conduct.").

      In this case, Plaintiff has not plead any actions by Gerron which are separate from actions for which Central would be responsible.  All of the actions alleged against Gerron–*e.g,*  that he performed a results-oriented investigation or"refused to adequately compensate Plaintiff"–are actions by Central's adjuster for which Central can be held liable.  Gerron should thus dismissed under Centro Cristiano and the similar cases cited above.

      For all of the above reasons, Defendant, Jerry Lee Gerron, prays that he be dismissed from

this lawsuit to Federal Rule of Civil Procedure 12(b)(6), and that he be granted such other and further

relief to which he may be justly entitled, at law or in equity.

                                        Respectfully submitted,


                                        /S/Russell J. Bowman_____
                                        Russell J. Bowman, Attorney in Charge
                                        Texas State Bar No. 02751550
                                        Southern District Bar No. 20283
                                        800 West Airport Freeway, Suite 860
                                        Irving, Texas 75062
                                        (214) 922-0220
                                        (214) 922-0225 (FAX)
                                        E-Mail: russelljbowman@sbcglobal.net
                                        ATTORNEY FOR DEFENDANT
                                        JERRY LEE GERRON

### CERTIFICATE OF SERVICE

        This is to certify that on July 5, 2016, I electronically filed the foregoing document with the
clerk of court for the U. S. District Court, Southern District of Texas, using the electronic case filing
system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the
following attorneys of record who have consented in writing to accept this Notice as service of this
document by electronic means: Bryant Fitts, attorney6 for Plaintiff, and Thomas A. Culpepper,
attorney for Defendant Cruse and Dice Insurance Agency.

                                        /S/Russell J. Bowman_____
                                        Russell J. Bowman